UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ x
MARYANN ROBINSON,                    :
                                     :
                 Plaintiff,          :     07-CV-11189 (BSJ)
                                     :     **ELECTRONICALLY FILED**
         -against-                   :
                                     :
DEUTSCHE BANK TRUST                  :
COMPANY AMERICAS,                    :
                                     :
                 Defendant.          :
                                     :
------------------------------------ x

### DEFENDANT DEUTSCHE BANK TRUST COMPANY AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant Deutsche Bank Trust Company Americas ("Deutsche Bank" or "Defendant"), by its undersigned counsel, submits this Answer to the Complaint of Plaintiff Maryann Robinson ("Plaintiff").

### NATURE OF THE ACTION

1.   Deutsche Bank denies the allegations in Paragraph 1 of the Complaint.

2.   Deutsche Bank denies the allegations in Paragraph 2 of the Complaint, except admits that Plaintiff seeks relief pursuant to New York common law.

### PARTIES

3.   Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Complaint, except admits that Plaintiff worked for Deutsche Bank from July 2007 until November 2007 as a Private Banker in the Private Wealth Management Division, with the title of Managing Director.

4.   Deutsche Bank denies the allegations in Paragraph 4 of the Complaint, except

admits that Deutsche Bank Trust Company Americas is a subsidiary of Deutsche Bank AG, a foreign banking corporation organized under the laws of Germany and licensed by the New York State Banking Department to maintain a Branch Office at 60 Wall Street, New York, New York 10005, where it conducts business under the legal name of Deutsche Bank Trust Company Americas.

## JURISDICTION AND VENUE

5. The allegations contained in Paragraph 5 of the Complaint call for legal conclusions to which no response is required.

6. The allegations contained in Paragraph 6 of the Complaint call for legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

7. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Complaint.

8. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Complaint.

9. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint.

10. Deutsche Bank denies the allegations in Paragraph 10 of the Complaint, except admits that Patrick Campion spoke with Plaintiff to discuss the position of Private Banker in the Private Wealth Management Division ("PWM").

11. Deutsche Bank denies the allegations in Paragraph 11 of the Complaint, except admits that Deutsche Bank was interested in hiring senior private bankers.

12. Deutsche Bank admits the allegations in Paragraph 12 of the Complaint.

13. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint

14. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint

15. Deutsche Bank denies the allegations in Paragraph 15 of the Complaint, except admits that in February 2007 Plaintiff interviewed with various people at Deutsche Bank, including Thomas Bowers and Kyle Delaney.

16. Deutsche Bank denies the allegations in Paragraph 16 of the Complaint, except admits that during Plaintiff's interview she generally described her business and the fact that she was interested in leaving HSBC.

17. Deutsche Bank denies the allegations in Paragraph 17 of the Complaint.

18. Deutsche Bank denies the allegations in Paragraph 18 of the Complaint.

19. Deutsche Bank denies the allegations in Paragraph 19 of the Complaint, except admits that Plaintiff spoke to Ralph Tipple during the interview process.

20. Deutsche Bank denies the allegations in Paragraph 20 of the Complaint, except admits that Plaintiff spoke with Elizabeth Engel to discuss Deutsche Bank's lending process.

21. Deutsche Bank denies the allegations in Paragraph 21 of the Complaint.

22. Deutsche Bank admits that the offer letter referenced in Paragraph 22 of the Complaint is a written document that speaks for itself, and refers the Court to that document for its contents. Deutsche Bank denies any characterization of that document that is not consistent with its terms.

23. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first, second and third sentences of Paragraph 23 of the

Complaint. Deutsche Bank denies the allegations in the fourth sentence of Paragraph 23 of the Complaint.

24. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 24 of the Complaint.

25. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth of falsity of the allegations in Paragraph 25 of the Complaint.

26. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 26 of the Complaint. Deutsche Bank denies the remaining allegations in Paragraph 26 of the Complaint, except admits that Bowers did not discuss HSBC's clients with her while she was still employed by HSBC. Deutsche Bank admits that Bowers ran into Plaintiff at the Starbucks located at 280 Park Avenue, New York, New York.

27. Deutsche Bank denies the allegations in Paragraph 27 of the Complaint, except admits that Plaintiff began working for Deutsche Bank on July 9, 2007.

28. Deutsche Bank denies the allegations in Paragraph 28 of the Complaint.

29. Deutsche Bank denies the allegations in Paragraph 29 of the Complaint, except admits that Plaintiff met with Elizabeth Engel during the interview process.

30. Deutsche Bank denies the allegations in Paragraph 30 of the Complaint.

31. Deutsche Bank denies the allegations in Paragraph 31 of the Complaint.

32. Deutsche Bank denies the allegations in Paragraph 32 of the Complaint.

33. Deutsche Bank denies the allegations in the first and second sentences of Paragraph 33 of the Complaint. Deutsche Bank denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 33 of the Complaint.

34. Deutsche Bank denies the allegations in Paragraph 34 of the Complaint.

35. Deutsche Bank denies the allegations in Paragraph 35 of the Complaint.

36. Deutsche Bank denies the allegations in Paragraph 36 of the Complaint, except admits that Plaintiff met with Delaney in July 2007 to discuss various business deals she was working on.

37. Deutsche Bank denies the allegations in Paragraph 37 of the Complaint, except admits that Plaintiff met with Bowers and Delaney in September 2007 to discuss her business and her future with Defendant.

38. Deutsche Bank denies the allegations in Paragraph 38 of the Complaint, except admits that on or about October 15, 2007, senior management from PWM Lending and Credit Risk Management had a meeting to discuss the lending process.

39. Deutsche Bank denies the allegations in Paragraph 39 of the Complaint.

40. Deutsche Bank admits the allegations in Paragraph 40 of the Complaint.

41. Deutsche Bank denies the allegations in Paragraph 41 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 41 of the Complaint.

## CLAIM FOR RELIEF

42. Deutsche Bank incorporates its responses to Paragraphs 1-41 of the Complaint as if set forth fully herein.

43. Deutsche Bank denies the allegations in Paragraph 43 of the Complaint.

44. Deutsche Bank denies the allegations in Paragraph 44 of the Complaint.

45. Deutsche Bank denies the allegations in Paragraph 45 of the Complaint.

46. Deutsche Bank denies the allegations in Paragraph 46 of the Complaint.

47. Deutsche Bank denies the allegations in Paragraph 47 of the Complaint.

48. Deutsche Bank denies the allegations in Paragraph 48 of the Complaint.

### PRAYER FOR RELIEF

Deutsche Bank denies the allegations in the Prayer for Relief and denies that it is liable to Plaintiff for any reason, in any way, or in any amount and denies all allegations not specifically admitted above.

### AFFIRMATIVE DEFENSES

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, to the extent that she failed to satisfy applicable conditions precedent to her claims.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the parol evidence rule, and the applicable rule on integrated documents.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure of consideration.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of estoppel.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her purported damages.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is barred, in whole or in part, by the doctrine of unclean hands and/or by

her own misconduct.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action, and each of them, do not state facts sufficient to enable Plaintiff to recover exemplary or punitive damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

If Defendant did subject Plaintiff to any wrongful or unlawful conduct resulting in mental, physical or emotional harm, although such is not admitted hereby or herein, Plaintiff had a duty to mitigate any damages Plaintiff may have suffered by seeking medical and psychological treatment and Plaintiff has failed to do so.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

Plaintiff's claim is frivolous, unreasonable, and groundless and, accordingly, Defendant is entitled to all costs and attorneys' fees incurred herein.

**WHEREFORE,** Deutsche Bank respectfully requests that Plaintiff's Complaint be dismissed in its entirety, with prejudice, and that it be awarded its costs of defense, including reasonable attorneys' fees.

Dated: New York, New York
July 16, 2008

        MORGAN, LEWIS & BOCKIUS LLP

        By   /s/ Kenneth J. Turnbull
           Kenneth J. Turnbull (KT 4458)
        101 Park Avenue
        New York, New York 10178-0600
        Telephone: 212-309-6000
        Facsimile: 212-309-6001

        *Counsel to Deutsche Bank*

## CERTIFICATE OF SERVICE

I, Melissa R. Kelly, hereby certify that I caused a true and correct copy of Defendant's *Answer and Affirmative Defenses to Plaintiffs' Complaint* to be served on this 16th day of July, 2008, by ECF and Federal Express, postage prepaid, on:

> Debra L. Raskin, Esq.
> Vladeck, Waldman, Elias & Engelhard, P.C.
> 1501 Broadway, Suite 800
> New York, NY 10036
> *Counsel for Plaintiff*

/s/ Melissa R. Kelly
Melissa R. Kelly